# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 05-cr-00391-PSF-01

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**1. SALVADOR CHAVEZ-MAGANA,**

    **Defendant.**

---

## PLEA AGREEMENT AND STIPULATION OF FACTS RELEVANT TO SENTENCING

---

THE UNITED STATES OF AMERICA, by and through its undersigned Assistant U.S. Attorney for the District of Colorado, hereinafter referred to as the Government, and the defendant, Salvador Chavez-Magana, hereinafter referred to as the defendant, personally, and by and through his counsel of record, Martha H. Eskesen, Esquire, submit the following Plea Agreement and Stipulation of Facts relevant to sentencing, pursuant to the provisions of pursuant to D.C.COLO.LCrR11.1:

### I. PLEA AGREEMENT

    A.    The defendant agrees to enter a guilty plea to the sole count, Count One, of the Indictment returned against him in this case which charges him with possession with intent to distribute 500 grams or more of methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). Further, the defendant agrees to withdraw all pending motions prior to a hearing on the merits with leave to renew these motions if and only if this



case proceeds to trial. Finally, the defendant also agrees to forfeit his interest in the Smith & Wesson 9 millimeter (MM) semi-automatic pistol (Model Number: 39-2, Serial Number: A567857), and all associated magazines and ammunition that were seized from the garage of his residence during the execution of two search warrants on or about August 25, 2005. The Government agrees that it will move to withdraw its previously filed Notice of Sentencing Enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851 prior to the sentencing hearing in this matter.

B.    The parties jointly acknowledge that the defendant has expressed the intent to cooperate with the Office of the United States Attorney for the District of Colorado by providing testimony, documents, and other information known to the defendant about the criminal wrongdoing of other persons. The defendant agrees that he shall cooperate fully with the Government by:

(1)    providing **truthful** and **complete** information and testimony when called upon by the Office of the United States Attorney for the District of Colorado; and

(2)    appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings as may be required by the Office of the United States Attorney for the District of Colorado.

C.    The Government reserves the sole right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If, in the exercise of its discretion, the Government determines that the defendant's cooperation is of such significance so as to warrant the Court's departure from the sentence required by the Guidelines, the Government may make a

motion pursuant to §5K1.1 of the Sentencing Guidelines or Title 18, United States Code, Section 3553(e) reflecting that the defendant has provided substantial assistance. At this time, this defendant has not provided information deemed to be of substantial assistance to the Government. However, this defendant and the Government have agreed to meet for a debriefing interview between the dates of the change of plea and sentencing hearings in this matter. If such a motion for sentencing reduction were to be made, the defendant understands and agrees that the Court is under no obligation to grant the Government's motion. Finally, the defendant understands and agrees that the Court may impose any sentence authorized by law and the defendant may not withdraw his guilty plea solely as a result of the sentence imposed.

D.  The Government agrees with the defendant's request to the Court to be sentenced at the lowest end of the applicable Guidelines range, but reserves full rights to object to the setting of the applicable Guidelines range if the Government is of the opinion that an error has been made by the Probation Department. Finally, the defendant understands and agrees that the Court may impose any sentence authorized by law and the defendant may not withdraw his guilty plea solely as a result of the sentence imposed.

E.  This plea agreement is made pursuant to Rule 11(c)(1)(B), F.R.Crim.P.

## II. STATUTORY PENALTIES

A.  The maximum statutory penalty for the offense charged in Count One of the Indictment is not less than 10 years, and not more than life imprisonment, a

3

$4,000,000.00 fine, or both; not less than 5 years supervised release, and a $100.00 special assessment fee.

B. The conviction may cause a loss of civil rights, including, but not limited to, the right to possess firearms, to vote, to hold elected office, and to sit on a jury. Because this defendant is a citizen of the Republic of Mexico and not of the United States of America, he will be deported to the Republic of Mexico upon the completion of his term of imprisonment in this case. Further, the defendant understands and agrees that when he is deported to the Republic of Mexico, he shall not thereafter re-enter the United States of America without prior written permission to do so from the Attorney General of the United States of America.

C. A violation of the conditions of probation or supervised release may result in a separate prison sentence.

## III. STIPULATION OF RELEVANT FACTS

A. The parties stipulate and agree that the Government's evidence at trial would establish the following:

   (1) On August 24, 2005, Special Agent (S/A) Todd Bane, of the Bureau of Immigration and Customs Enforcement (ICE), sought and received a documentary search warrant, hereinafter referred to as the "ICE" warrant. The ICE warrant was executed on the morning of August 25, 2005, at a residence located at 840 Knox Court, Denver, Colorado. This residence was occupied by this defendant and based upon surveillance and other evidence, it is believed that he lived alone at this residence.

   (2) During the execution of the ICE warrant, agents discovered what appeared to be a concealed compartment in the basement of the residence. After seeing what appeared to be controlled substances inside this compartment, agents secured the scene at 840 Knox Court

4

while Drug Enforcement Administration (DEA) S/A Albert Villasuso secured a second search warrant for a further search of the residence for controlled substances, hereinafter referred to as the "DEA" warrant. The DEA warrant was executed during the afternoon of August 25, 2005. During the execution of the two warrants, numerous items of evidence, including controlled substances (DEA Exhibits 1.01 and 1.02), a loaded 9 MM Smith & Wesson semi-automatic pistol, and ammunition, were recovered. The Government stipulates that because the drugs were found in the basement of the residence, while the firearm and ammunition were seized from the garage, the 2-level specific offense characteristic under §2D1.1(b)(1) is not applicable to the facts presented here.

(3) Prior to executing the ICE warrant, agents announced their presence but no one responded to the announcement or to the knocks at the door. Attempting entry into the residence, the agents discovered that the door to the residence was secured by a locked, heavy door. Thereafter, the agents repeatedly rammed the door before being able to gain access to the residence. Upon entering the residence, the agents asked the sole occupant of the residence, later identified as this defendant, Salvador Chavez-Magana, his name. He initially gave a false name and then provided his actual name. He went on to state that he was in the United States illegally.

(4) Subsequent analysis of DEA Exhibits 1.01 and 1.02 by a DEA Forensic chemist employed by DEA's Western Regional Laboratory in San Francisco, California, revealed that:

  (A) DEA Exhibit 1.01 is in fact, **629 grams** of a mixture and substance containing d-methamphetamine hydrochloride, with a purity level of 97, yielding **610.1 grams** of pure methamphetamine hydrochloride or methamphetamine (actual); and

  (B) DEA Exhibit 1.02, is in fact, **185.9 grams** of a mixture and substance containing methamphetamine hydrochloride, with a purity level of 1.7%, yielding **3.1 grams** of pure methamphetamine hydrochloride or methamphetamine (actual). It should be noted that the bulk of this exhibit was determined to be dimethyl sulfone, a common diluent or "cut" used to dilute drugs.

B.  With the exception of the stipulations and admissions of this defendant as set forth above, the statement of facts herein does not preclude either party from presenting and arguing for sentencing purposes, additional facts or evidence which a party believes is relevant to sentencing. Further, the Court is not bound by the factual stipulations of the parties. In determining the factual basis for the sentence, the Court may consider not only the stipulations of the parties, but also the results of any pre-sentencing investigation that may be conducted by the U.S. Probation Department, together with any other relevant information that may be brought to the Court's attention. See 18 U.S.C. §3553(a) and §1B1.4, U.S.S.G.

## IV. SENTENCING COMPUTATION

A.  The parties stipulate and agree that the defendant's sentence will be imposed by the Court pursuant to the provisions of Title 18, United States Code, Section 3553, as guided by the Federal Sentencing Guidelines and Policy Statements, promulgated pursuant to Title 28, United States Code, Section 994(1). However, the defendant understands and agrees that the Sentencing Guidelines are advisory in nature and not binding upon the Court. The defendant is also aware that a sentence imposed under the Guidelines does not provide for parole. Knowing these facts, the defendant understands and agrees that this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense. The defendant understands and agrees that he may not withdraw his plea solely as a result of the sentence imposed.

6

B. The defendant is also aware that any estimate of the probable sentencing range that he may receive from his counsel, the Government or the Probation Department, is a prediction, not a promise, and is not binding upon the Government, the Probation Department or the Court.

C. The following factors, stipulated to by the parties, are deemed to be relevant to the sentencing of this defendant under the Guidelines and are intended to advise the Court and the Probation Department of the parties' predictions in advance of the preparation of the pre-sentencing investigation report (PSI), as set forth under §6B1.4 of the Guidelines:

(1) The parties stipulate that the drug quantity offense level is **36** under §2D1.1(c)(2) of the Sentencing Guidelines (at least 500 grams but less than 1.5 kilograms of methamphetamine (actual)).

(2) The parties stipulate that there are no mitigating nor aggravating role in the offense adjustments.

(3) The parties stipulate that there are no specific offense characteristics.

(4) The parties stipulate that there are no victim-related nor obstruction adjustments.

(5) The parties stipulate that there should be no career offender nor career livelihood adjustments.

(6) The Government joins in the defendant's request that he receive the 3-level acceptance of responsibility decrease under §3E1.1 of the Sentencing Guidelines. If granted by the Court, the adjusted offense level would be **33**.

(7) The parties estimate that based upon a review of the defendant's previous arrest and conviction records, he will have not more than 3 criminal history points. Thus, the parties estimate that the defendant will be in Criminal History Category II. The parties understand and agree that this estimate regarding the defendant's Criminal history category is a projection, and that the final criminal history category will be determined by the Court following a review of the pre-sentencing

7

investigation report. Finally, the defendant understands and agrees that this Plea Agreement is not conditioned upon the defendant being in a particular criminal history category.

## GUIDELINES PREDICTION

D.   The Guidelines' sentencing range for Count One of the indictment for an offense level of 33, Criminal History Category II, is a term of imprisonment of 151-188 months. For the information of this defendant, the sentencing range for offense level 33, Criminal History Categories I-VI, is 135-293 months.

E.   Pursuant to §5E1.2 of the Sentencing Guidelines, the range of the fine for offense level 33 for the offense of conviction is $17,500 to $4,000,000.

F.   In addition, the defendant is subject to the imposition of a term of supervised release of not less than 5 years and a mandatory special assessment of $100.00.

## V. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

A.   The parties believe that the sentencing range resulting from the proposed plea agreement is appropriate because all relevant conduct is disclosed; that the stipulated facts by the parties take into account all pertinent sentencing factors with respect to this defendant; and that the charge to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

B.   This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this

agreement, neither the United States nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Respectfully submitted,

Date: 7/21/06

By: SALVADOR CHAVEZ
SALVADOR CHAVEZ-MAGANA
DEFENDANT

Date: 7/21/06

By: Martha H Eskesen
MARTHA H. ESKESEN, ESQUIRE
ATTORNEY FOR DEFENDANT

Date: 18 July 2006

By: 
JAMES R. BOMA
ASSISTANT UNITED STATES ATTORNEY

9